PARSONS, TOWN CLERK OF THE TOWN OF
HUBBARDTON, ET AL. v. BUCKLEY ET AL.

No. 624.—Decided January 12, 1965.*

*George D. Webster* for appellants in No. 624. *Charles E. Gibson, Jr.,* Attorney General of Vermont, and *Chester S. Ketcham,* Deputy Attorney General, for appellants in No. 625.

*Joseph A. McNamara* for appellees.

PER CURIAM.

The District Court on August 3, 1964, entered a judgment holding invalid under the Fourteenth Amendment to the United States Constitution, §§ 13 and 18 of Chapter II. of the Constitution of Vermont relating to apportionment of the General Assembly of the State of Vermont. 234 F. Supp. 191. Paragraph (3) of the judgment of the District Court is as follows:

"(3) Therefore, subject to the provisions hereinafter appearing, the injunction that plaintiffs have requested restraining the officers of the State and those of the counties, towns and cities charged with

---

*Together with No. 625, *Hoff, Governor of Vermont, et al.* v. *Buckley et al.,* also on appeal from the same court.

the conduct of the elections of members of the General Assembly from proceeding with elections pursuant to the present method of apportionment is granted; and the defendants Philip H. Hoff, Governor of Vermont, Howard E. Armstrong, Secretary of State, the Town Clerks of the Towns of Vermont, and the County Clerks of the Counties of Vermont, and their respective successors in office, are perpetually enjoined from doing any act or taking any steps in furtherance of nominating or holding elections of senators or representatives to the Senate or House of Representatives of the State of Vermont pursuant to said method, and said defendants are further enjoined from certifying or in any other manner declaring that the results of such nominations or elections are valid or that the General Assembly of the State of Vermont which, if constitutionally elected, would be convened on January 6, 1965, is properly or legally constituted, unless by some other authorized lawful and constitutional method Senators and Representatives are nominated and elected to the Senate and House of Representatives of the State of Vermont pursuant to a reapportionment or redistricting of the Senate and a reapportionment or redistricting of the House of Representatives to be effected promptly, such reapportionment or redistricting of the Senate and reapportionment or redistricting of the House of Representatives having been done in such manner as to achieve substantially equal weighting of the votes of all voters in the choice of members of the General Assembly as guaranteed by the equal protection clause of the Fourteenth Amendment of the United States Constitution. It is, however, permissible for the September 1964 primary elections for nominees

for the offices of Senators and Representatives and for the general elections to be held on November 3, 1964 to be conducted as presently scheduled to be conducted, and if, in the meantime, no members shall have been chosen by a constitutionally valid method, the members of the General Assembly chosen as heretofore may convene on January 6, 1965, provided that legislation shall be limited to the devising of a constitutional method of reapportionment and redistricting, and that the terms of said members shall expire on March 31, 1965." 234 F. Supp., at 200.

Appellants appealed to this Court from Paragraph (3) of the judgment of the District Court. On December 14, 1964, we noted probable jurisdiction of both appeals, stayed that portion of the judgment which is the subject of these appeals, and set these cases for oral argument on January 18, 1965. 379 U. S. 942.

All of the parties to and intervenors in these cases have now moved that this Court modify the District Court's judgment to conform to a Stipulation signed by them and affirm the judgment of the District Court as so modified.

The parties stipulate that Paragraph (3) of the judgment be deleted and in lieu thereof the order include the following:

"Therefore, subject to the provisions hereinafter appearing, the injunction that plaintiffs have requested restraining the officers of the State and those of the counties, towns and cities charged with the conduct of the elections of members of the General Assembly from proceeding with elections pursuant to the present method of apportionment is granted;

and the defendants Philip H. Hoff, Governor of Vermont, Howard E. Armstrong, Secretary of State, the Town Clerks of the Towns of Vermont, and the County Clerks of the Counties of Vermont, and their respective successors in office, are perpetually enjoined from doing any act or taking any steps in furtherance of nominating or holding elections of senators or representatives to the Senate or House of Representatives of the State of Vermont pursuant to said method, and said defendants are further enjoined from certifying or in any other manner declaring that the results of such nominations or elections are valid or that the General Assembly of the State of Vermont which, if constitutionally elected, would be convened on January 6, 1965, is properly or legally constituted, unless by some other authorized lawful and constitutional method Senators and Representatives are nominated and elected to the Senate and House of Representatives of the State of Vermont pursuant to a reapportionment or redistricting of the House of Representatives to be effected promptly, such reapportionment or redistricting of the Senate and reapportionment or redistricting of the House of Representatives having been done in such manner as to achieve substantial equality in the choice of members of the General Assembly as guaranteed by the equal protection clause of the Fourteenth Amendment of the United States Constitution. It is, however, permissible for the September 1964 primary elections for nominees for the offices of Senators and Representatives and for the general elections to be held on November 3, 1964 to be conducted as presently scheduled to be conducted, and if, in the meantime, no members shall have been chosen by a constitutionally valid method, the members of the

General Assembly chosen as heretofore may convene on January 6, 1965, provided that:

"(a) A reapportionment bill or bills be introduced in at least one House of the General Assembly by February 1, 1965.

"(b) Should the General Assembly desire to submit the matter of reapportionment to a constitutional convention, legislation shall be enacted on or before March 1, 1965 to provide for the convening of a constitutional convention on or before June 1, 1965.

"(c) Should legislation be enacted setting up a constitutional convention, said convention shall finish its deliberations by September 1, 1965.

"(d) If the matter of reapportionment is not referred to a constitutional convention, reapportionment legislation shall be enacted so as to comply with the mandate of the Court on or before July 1, 1965.

"(e) The General Assembly shall be empowered to enact all legislation as usual for the operation of state, town and county governments between January 6, 1965 and July 1, 1965.

"(f) If reapportionment legislation is not enacted by July 1, 1965, and if a constitutional convention shall fail to reapportion the General Assembly by September 1, 1965, the Court shall reapportion the General Assembly so as to comply with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

"(g) In any event, a reapportioned General Assembly shall have been elected and ready to serve by the first Wednesday after the first Monday in January, 1966.

"(h) The terms of office of the members to the 1965 General Assembly shall expire on July 1, 1965, except that their offices may continue if called into

special session by the Governor of the State of Vermont to act upon a State emergency not pertaining to reapportionment."

The cases are removed from the argument list, the Stipulation is approved, and, in accordance therewith, the judgment of the District Court is modified by vacating Paragraph (3) and substituting in lieu thereof the quoted language of the Stipulation. As so modified, the judgment of the District Court dated August 3, 1964, is affirmed. The judgment of this Court shall issue forthwith.

Memorandum of MR. JUSTICE HARLAN.

I would approve the Stipulation submitted by the parties except for subparagraph (f). That provision envisages a reapportionment of the Vermont Legislature by the District Court itself if an apportionment of that body, satisfying the requirements of *Reynolds* v. *Sims,* 377 U. S. 533, is not accomplished by the other means, and within the timetable, set forth in the Stipulation.[1] The prospect of the federal courts engaging in such a political undertaking is for me a spectacle not easy to contemplate. Whether such a course may be an inevitable ultimate consequence of *Reynolds* v. *Sims* is a matter which should be determined only after the fullest and most deliberate consideration on the part of this Court. Cf. *Brown* v. *Board of Education,* 347 U. S. 483, 495–496, and 349 U. S. 294. I do not believe that any of the summary dispositions made in reapportionment cases following *Reynolds* v. *Sims,* see, *e. g., Williams* v. *Moss,* 378 U. S. 558, forecloses or obviates the need for such a

---

[1] "(f) If reapportionment legislation is not enacted by July 1, 1965, and if a constitutional convention shall fail to reapportion the General Assembly by September 1, 1965, the Court shall reapportion the General Assembly so as to comply with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution."

consideration of this far-reaching question.[2] The parties to a particular litigation should not be permitted by stipulation to thrust a federal court into this foreign activity.

Except in the foregoing respects, I join in the Court's disposition of the matter.

---

[2] The District Court in its order of August 3, 1964, declined to pass on this question. Paragraph (4) of the order read:

"(4) No action is taken now upon the alternative request of plaintiffs that this court order that elections of Senators and Representatives be on a state-wide basis; and jurisdiction is retained for the entry of such further orders as may be necessary and proper hereafter." 234 F. Supp. 191, 201.