No. ——. BRANIGIN ET AL. *v.* GRILLS ET AL. D. C. S. D. Ind.; and

No. ——. SUMMERS *v.* GRILLS ET AL. D. C. S. D. Ind. Applications for a stay presented to MR. JUSTICE MARSHALL, and by him referred to the Court, denied.

Memorandum of MR. JUSTICE HARLAN.

We are asked by the State Election Board of Indiana, and others, to stay enforcement of the order of a three-judge District Court creating districts for the election of Indiana's 11 members of the United States House of Representatives. The court had, after this Court's remand, 385 U. S. 455, previously declared unconstitutional the districting arrangement adopted in 1965 by the Indiana General Assembly. *Grills* v. *Branigin,* 284 F. Supp. 176. A majority of the District Court believed it necessary to abandon many of the districting boundaries chosen by the General Assembly, and to substitute districts of their own devising. In contrast, Judge Dillin's dissenting opinion sought to modify the districts drawn by the General Assembly only where necessary to reduce to an acceptable minimum the population variances from average. This Court now denies the application.

I have heretofore expressed the view, but to no avail, that this Court should not approve the imposition by district courts of their own apportionment plans upon States until the Court has first given plenary consideration to the matter, involving as it does delicate questions of federalism and the most unusual exercise of federal judicial power. See my Memorandum in *Parsons* v. *Buckley,* 379 U. S. 359, 364. See also *Fortson* v. *Toombs,* 379 U. S. 621, 623 (opinion concurring in part and dissenting in part). Here, as for the most part, the Court has chosen to leave the district courts to implement the basic apportionment decisions in *Reynolds* v. *Sims,* 377 U. S. 533, and *Wesberry* v. *Sanders,* 376 U. S. 1, without explicated guidelines. I think that this is all

wrong.  See *Rockefeller* v. *Wells,* 389 U. S., at 421 (dissenting opinion of this writer).

I would in normal circumstances conclude that these applications for a stay should be granted in order to enable this Court to give full-dress consideration to the serious questions which the actions of the District Court raise.  However, I feel myself obliged by the unusual situation confronting us here to acquiesce in the denial of a stay.  The Indiana General Assembly has apparently now adjourned without adopting any revised system of apportionment.  The period in which prospective candidates for the House of Representatives may file their candidacies expires on March 27, 1968, and a primary election is now scheduled for May 7, 1968.  If the applications for a stay were granted, and even if review of the District Court's decision were expedited to the utmost, Indiana would in all likelihood be left without any permissible system for the election of members of the House of Representatives.  In these circumstances, I see no practical alternative to the denial of the stay requested.  Only for that reason do I go along with the Court's disposition.