## In re Senate Bill 177

[294 A.2d 653]

No. 73-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed July 13, 1972

*Philip H. Hoff,* and *Karen McAndrew* of *Wick, Dinse & Allen,* Burlington, for Petitioners.

*James M. Jeffords*, Attorney General and *Martin K. Miller*, Assistant Attorney General, for Petitionees.

**Per Curiam.** This is a challenge to the reapportionment of the State Senate by the General Assembly. Under the provisions of Chapter II, § 18, of the Vermont Constitution such a reapportionment is mandatory after the taking of each census. In 1965, 17 V.S.A. §§ 1901–11 were enacted to provide the machinery for carrying out this obligation.

Briefly outlined, the procedure first calls for proceedings before a legislative apportionment board, looking to the presentation of a plan of reapportionment to the legislative body. Under the law this plan is to be treated as a bill and passed upon by both houses of the legislature. In the instant case, the senate rather than adopt or amend the proposal from the board, struck out all after the enacting clause and substituted a new plan. This enactment was then passed by both houses and became law. It is this reapportionment plan that is under attack.

17 V.S.A. § 1909 provides that, if the reapportionment plan is attacked, the issue shall be passed directly before this Court, and limits the appeal to issues involving the constitutionality of the proposed plan or relating to its conformity with the provisions of 17 V.S.A. § 1903. The pertinent part of that statute reads as follows:

> "(c) Apportionment of Senators on a county basis shall be according to population, as ascertained by the census taken under the authority of Congress in the year 1960. The legislature shall make a new apportionment of the senators after the taking of each census of the United States or after a census taken for the purpose of such apportionment under the authority of this State."

Chapter II, § 18, of the Vermont Constitution provides as follows:

> "The Senate shall be composed of thirty Senators, to be of the freemen of the county for which they are elected, respectively, who shall have attained the age of

thirty years, and they shall be elected biennially by the freemen of each county respectively.

The Senators shall be apportioned to the several counties, according to the population, as ascertained by the census taken under the authority of Congress in the year 1910, regard being always had, in such apportionment, to the counties having the largest fraction, and each county being given at least one Senator.

The Legislature shall make a new apportionment of the Senators to the several counties, after the taking of each census of the United States, or after a census taken for the purpose of such apportionment, under the authority of this State, always regarding the above provisions of this section."

Since *Baker* v. *Carr*, 369 U.S. 186 (1962), all such state requirements have been subject to the overriding concerns of the Equal Protection Clause and the so-called "one man, one vote" principle. *Buckley* v. *Hoff* (D. Vt. 1964), 234 F.Supp. 191, *aff'd sub nom. Parsons* v. *Buckley*, 379 U.S. 359 (1965), applied, in 1964, the Equal Protection Clause test to a Vermont reapportionment plan. The order in that case superceded the requirements of Chapter II, §§ 13 and 18 of the Vermont Constitution insofar as they may be in conflict with the Equal Protection Clause. *Smith* v. *Buraczynski*, 125 Vt. 310, 312, 214 A.2d 826 (1965). It is urged by the state, arguing in favor of the legislative plan, that this order, based on the doctrine of Federal supremacy, totally supercedes §§ 13 and 18 of Chapter II. We do not feel so, but limit its application to those provisions which stand in the way of enforcing the requirements of the Equal Protection Clause.

Reapportionment is, in the first instance, a legislative responsibility. *Mikell* v. *Rousseau*, 123 Vt. 139, 147, 183 A.2d 817 (1962). The actions of the General Assembly are entitled to the presumptions of justification and regularity accorded regular statutory enactment. The duty of this Court is to measure and test that action by the appropriate constitutional and statutory standards.

██ Acknowledging that there have already been determined to be, through adjudication, conflicts between Federal requirements and the law of this State, it is for us, to review and test reapportionment legislation with an eye to preserving, as far as possible, the purposes expressed in our constitutional and statutory law, without violating Equal Protection requirements.

Chapter II, § 18 of the Vermont Constitution, previously set out, has several specific requirements: (1) that there be thirty senators (2) that they be freemen of the county for which they are elected (3) that they have attained the age of thirty years and be elected biennially by the freemen of their respective counties (4) that they be apportioned to the several counties according to population and (5) that each county be given at least one Senator.

The requirements of Equal Protection, under *Buckley* v. *Hoff, supra,* 234 F.Supp. 191, struck down the requirement of one senator per county and modified the representation so that counties would be combined in order to give .fairer representation. The same case gave Federal approval to representation based on either population or registered voters. The 1965 legislation, previously referred to, was enacted in response to Federal requirements, including 17 V.S.A. § 1903, which called for apportionment of senators on a county basis according to population "as ascertained by the census." That legislation also included 17 V.S.A. § 1907 which provided for combining counties into combinations in order to comply with the requirements of the Equal Protection Clause.

██ We thus have a Federal decision declaring that population is an approved basis for apportionment. In the case of reapportionment of the House of Representatives, the Vermont constitutional preference for a representative from each town could not be constitutionally implemented. But no such barrier stands in the way of reapportioning the Senate, and, without Federal impediment, implementation of that provision is a duty of this Court, as well as of the Legislature. The requirement can be dispensed with only if it is demonstrably in conflict with the Equal Protection Clause, and that has not been shown to be so. Reapportionment of the

Senate must be done on the basis of population, not as a Federal requirement, but as a directive of our State constitution. Thus the provisions of Senate Bill 177 cannot stand.

■■ The reapportionment plans of both the legislative apportionment board and the Vermont senate are based on fulfilling the requirement of the Vermont constitution that there be a Senate of thirty members. The report of the legislative apportionment board points out that, in the light of the statutory requirement that thirty Senators be apportioned, substantial equality within the Equal Protection Clause of the Fourteenth Amendment is impossible to achieve while observing county lines. See also *Buckley v. Hoff, supra,* 234 F.Supp. at 197–98. The facts before us demonstrate this to be true. It is therefore clear that the requirement of a Senate of thirty members may have to yield to Federal constitutional requirements. It would be appropriate, in such an event, to reduce the membership by one, keeping thirty as the limit in the size of the Senate, only if compliance with United States constitutional standards can thereby be accomplished.

■ In *Mikell v. Rousseau, supra,* 123 Vt. at 147, this Court set a standard of "least disparity" in the number of persons represented by each Senator. This is the test that reapportionment of the Senate must meet under the Vermont Constitution. The proposal of the legislative apportionment board does not meet this test. In 17 V.S.A. § 1903 the legislature set for itself a standard of deviation of no "more than 15% from the apportionment standard at the time of reapportionment." Even 15% may be too great of a deviation from the apportionment standard. *Kilgarlin v. Hill,* 386 U.S. 120 (1967), *rehearing denied,* 386 U.S. 999 (1967); *Swann v. Adams,* 385 U.S. 440 (1967); *Scrimminger v. Sherwin,* 60 N.J. 483, 291 A.2d 134 (1972).

The data before the Court indicates that such a standard could be approximated by the following reapportionment:

| Counties | Population (U.S. Census) |
|---|---|
| Addison | 24,266 |
| Bennington | 29,282 |
| Caledonia | 22,789 |
| Chittenden | 99,131 |
| Essex | 5,416 |
| Franklin | 31,282 |
| Grand Isle | 3,574 |
| Lamoille | 13,309 |
| Orange | 17,676 |
| Orleans | 20,153 |
| Rutland | 52,637 |
| Washington | 47,659 |
| Windham | 33,074 |
| Windsor | 44,082 |
| Total Population | 444,330 |

| Senatorial Districts | Population | No. of Senators | Deviation |
|---|---|---|---|
| Addison/Rutland | 76,403 | 5 | 0.00% |
| Bennington | 29,282 | 2 | + 4.44% |
| Caledonia/Orleans/Essex | 48,358 | 3 | − 5.21% |
| Chittenden/Grand Isle | 102,705 | 7 | + 4.24% |
| Franklin | 31,282 | 2 | − 2.09% |
| Lamoille | 13,309 | 1 | + 13.14% |
| Orange | 17,676 | 1 | − 15.37% |
| Washington | 47,659 | 3 | − 3.69% |
| Windham | 33,074 | 2 | − 8.00% |
| Windsor | 44,082 | 3 | + 4.10% |
| Total Senators | | 29 | |

444,330 = 15,321 per Senator
———
29

15,321 = 1
30,642 = 2
45,963 = 3
61,284 = 4
76,605 = 5
91,926 = 6
107,247 = 7

With its additional resources for investigating the facts, the legislature apportionment board may be able to achieve an even better result. To this end the matter will be returned to them for modification of their report as provided in 17 V.S.A. § 1909(e), jurisdiction of the matter being retained here as therein provided.

*The reapportionment enactment entitled Senate Bill 177 is set aside for failure to meet constitutional standards, and this opinion is certified to the legislative apportionment board with directions that they modify their plan of reapportionment in accordance with the views expressed herein, and in compliance with the standards herein stated, to report the same to this Court not later than two weeks from the date of this mandate. Jurisdiction of the cause is retained as provided by 17 V.S.A. § 1909(e).*