I do not disagree with the well-reasoned main opinion; I dissent only because, given the importance of this case, I would grant oral argument solely on the question of the effect of Reynolds v. Sims, 377 U.S. 533
(1964), on the obligation the Alabama Constitution, Art. IX, § 200, places on the Legislature to create districts "as nearly equal to each other in the number of inhabitants as may be." The question whether the Legislature fulfilled its obligation to preserve county lines — indeed, whether in light of Reynolds v. Sims it any longer has such an obligation — is expressly not before us on appeal; yet, it is not clear to me how this Court can construe the "as nearly equal" obligation except in light of the county-preservation obligation. It may be that the Legislature should have tried harder not to divide counties and that a 10% deviation in the population of the districts would have been permissible had few counties been divided; however, 30 of the 67 counties in the State were, in fact, divided. What effect should this fact have on our evaluation of the Legislature's performance of its constitutional obligation to create districts "as nearly equal . . . as may be"?
I agree with the main opinion that this Court is not without the power to review whether the Legislature has carried out its constitutional duty to redistrict. See Rice v. English, [Ms. 1010968, May 24, 2002] So.2d, (Ala. 2002). However, for prudential reasons, that power should rarely be exercised. (6) Legislators take the same oath of office that we do:
 "I solemnly swear that I will support the Constitution of the United States, and Constitution of the State of Alabama, so long as I continue a citizen thereof; and that I will faithfully and honestly discharge the duties of the office upon which I am about to enter, to the best of my ability. So help me God."
Thus, it well may be that whatever the answer to my question, I ultimately would defer to the judgment of the Legislature, but I cannot know that without first resolving the Reynolds v. Sims question.
1. Although the Rice plaintiffs stated in their complaint that the redistricting plan failed to satisfy Art. I, § 33, Ala. Const. 1901, they do not make any argument in this appeal concerning § 33.
2. Judicial review of the constitutionality of the redistricting plan cannot be said to have been beyond the contemplation of the Legislature. The redistricting plan established the Montgomery Circuit Court as the proper venue for challenges to the redistricting plan. See § 4 of Act No. 2001-727.
3. Reapportionment Committee Guidelines for Legislative, State Board of Education, and Congressional Redistricting.
4. The effect of Brooks v. Hobbie, 631 So.2d 883 (Ala. 1993), is to confuse our responsibility under federal law, where our jurisdiction is expanded by the Supremacy Clause in the United States Constitution, with our responsibility under State law, where our jurisdiction is restricted by the separation-of-powers provision in the Alabama Constitution.
5. [0]I recognize that the practicality of meeting federal requirements, keeping district population "as nearly equal . . . as may be," and the political process of the Legislature may impinge on the integrity of county boundaries. But the Legislature must strive for as little deviation as possible when dealing with a constitutional requirement.
6. See Jensen v. Wisconsin Elections Board, 249 Wis.2d 706, 713,639 N.W.2d 537, 540 (2002) ("Despite the reality that redistricting is now almost always resolved through litigation rather than legislation, we are moved to emphasize the obvious: redistricting remains an inherently political and legislative — not judicial — task."); and In re Reapportionment of Towns of Hartland, Windsor, and West Windsor, 160 Vt. 9,14-15, 624 A.2d 323, 326 (1993) ("Redistricting is `primarily a matter for legislative consideration and determination.' In re Senate Bill 177,130 Vt. 365, 371, 294 A.2d 657, 660 (1972). Accordingly, the redistricting plans approved by the General Assembly are presumed to be valid, In re Senate Bill 177, 130 Vt. 358, 361, 294 A.2d 653, 654
(1972), and there is `a heavy burden of proof on those who allege that a redistricting plan violates the Constitution.' Davis v. Bandemer,478 U.S. 109, 185, 106 S.Ct. 2797, 2838, 92 L.Ed.2d 85 (1986) (Powell, J., concurring in part and dissenting in part.) Further, it is primarily the Legislature, not this Court, that must make the necessary compromises to effectuate state constitutional goals and statutory policies within the limitations imposed by federal law.").