### In re Chester Parizo

[404 A.2d 114]

No. 6-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed July 11, 1979

*James L. Morse*, Defender General, and *Steve Dunham*, Montpelier, for Petitioner.

*Mark J. Keller*, Chittenden County State's Attorney, and *Norman R. Blais*, Chief Deputy State's Attorney, Burlington, for Respondent.

**Barney, C.J.** Counsel for the petitioner failed to file the required notice of appeal in time to preserve review of his forgery conviction. This Court accordingly ruled that it lacked jurisdiction to hear the appeal. *State* v. *Parizo*, 136 Vt. 634, 392 A.2d 960 (1978); *State* v. *Savo*, 136 Vt. 330, 388 A.2d 391 (1978).

As a result the petitioner sought post-conviction relief under 13 V.S.A. § 7131. The lower court found that petitioner wanted and intended that his conviction should be appealed, and that his two attorneys were aware of that fact. Apparently each lawyer thought the other was to file the necessary notice. One attorney was assigned, but when the petitioner indicated dissatisfaction with that lawyer, retained counsel was allowed to enter as co-counsel. Both attorneys were found to be well aware of the thirty-day jurisdictional requirement pertaining to notice of appeal. V.R.A.P. 4; V.R.A.P. 26 (b).

In the post-conviction proceedings the lower court sought to rule in the petitioner's favor. To accomplish this, after filing formal findings of fact and conclusions of law, the court issued an order setting aside the judgment and remanding the case to the district court with directions to enter a new judgment. The form of this judgment, as petitioned for by counsel, was directed to be "a new Judgment, *nunc pro tunc* as of April 27, 1978, so that a timely Notice of Appeal may be filed."

Since the original judgment order was entered on that same April 27, 1978, the literal effect of that disposition would make the notice of appeal filed July 3, 1978, as untimely as before. The legal significance of *nunc pro tunc* or "now for then" is to set the effective date of a present order at a particular and appropriate time in the past, on the basis that the correct entry was inadvertently or mistakenly departed from by the court involved. 2 *Bouvier's Law Dictionary* 2385 (8th ed. 1914).

The purpose of the trial court, although at variance with the text of its order, stands clearly forth in the phrase "so that a timely Notice of Appeal may be filed." The State, in bringing this appeal, does not focus on the impossibility inherent in the language of the order, but rather challenges it on the ground that the intended result was not within the statutory authority of post-conviction proceedings as set out in 13 V.S.A. § 7133, and on the further ground that, in any event, the petitioner did not make any claim or showing that the failure to perfect his appeal was to his prejudice.

There was a time, even in criminal law, when the burden of shortcomings of counsel fell on the client as a matter of course. Although the right to counsel was given limited recognition at least as early as the English Treasons Act of 1691, and in this state widely accorded long before *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), its federal expression has changed the practice. The requirement now imposed upon the states as a matter of constitutional law under the Sixth and Fourteenth Amendments includes a standard of effective assistance. *McMann* v. *Richardson*, 397 U.S. 759 (1970) ; *In re Cronin*, 133 Vt. 234, 239–40, 336 A.2d 164, 168–69 (1975).

This standard is not limited to general incompetence, but has been applied to specific omissions including the negligent failure to perfect an appeal. *Leventhal* v. *Gavin,* 396 F.2d 441 (1st Cir. 1968) ; *United States ex rel. Maselli* v. *Reincke,* 383 F.2d 129 (2d Cir. 1967). No longer can the error of counsel be attributed to his client in a criminal case without examination. Presumably this concern derives from the concept that, without choice of attorney where counsel is assigned, it is unfair to charge the accused with the mistakes of counsel he did not select. In the present case, of course, that is true of only one of his attorneys.

■ State as well as federal judges are bound to uphold the Constitution and laws of the United States, and, where there is a conflict and the Supremacy Clause is applicable, enforce the federal law irrespective of contrary state law. See, e.g., *In re Dunkerley,* 135 Vt. 260, 263, 376 A.2d 43, 46 (1977) ; *In re Senate Bill 177,* 130 Vt. 365, 371, 294 A.2d 657, 660 (1972) ; *Hutchinson* v. *Cooley,* 125 Vt. 303, 308–09, 214 A.2d 828, 832 (1965) ; *Smith* v. *Buraczynski,* 125 Vt. 310, 312–13, 214 A.2d 826, 828 (1965). There is no substantive difference between the duty and authority of the federal judiciary to order a state to remedy an established breach of federal constitutional rights, and the duty and authority of state judges, as part of their sworn function to protect such constitutional rights, to enforce an appropriate remedy without federal intervention.

But with jurisdictional doctrine barring, as a matter of state law, consideration of an untimely appeal, how can the dilemma be resolved? We have many times said that it is not the function of post-conviction review (13 V.S.A. § 7131) to perform the office of an appeal. Moreover, the device used below in this case was flawed by its verbal form. But the persisting question is whether the constrictions of jurisdictional requirements can be escaped by the device of a *nunc pro tunc* or similar entry. The answer has to be in the negative.

■ Does this mean that the remedy for attorney incompetency is lost in our jurisprudence, if established? Again, the answer is no. The problem is not one of attempting to resolve an inconsistency in our own law. The doctrine involved,

as already noted, is the right to counsel required by the Sixth Amendment, and made applicable to the states under the Fourteenth Amendment. The Supremacy Clause, Article Six of the Constitution of the United States, determines that it prevails over any contrary state law. As such, it comes under a defined ground of 13 V.S.A. § 7133 as a denial or infringement of constitutional rights such as to make a criminal judgment vulnerable to collateral attack. See *Shipman* v. *Gladden,* 253 Or. 192, 453 P.2d 921 (1969). It goes without saying that any determination that the law of this state must lawfully be overborne by federal law is to be based on the fullest exposition of the applicable circumstances and a necessarily careful evaluation of the relevant facts.

In this case such an evaluation may ultimately demonstrate a right to appeal in spite of the tardiness of the notice of appeal and the earlier dismissal here. This result would be based on federal law, not on the invalidation or repeal of any state appellate requirements. *Smith* v. *Buraczynski, supra,* 125 Vt. at 311–12, 214 A.2d at 828. It would rest on a factual determination of ineffective assistance of counsel, already suggested in the conclusions below, although not specifically found. The trial court should require that it be shown that the failure of counsel to perfect the appeal was of prejudicial dimension, such as by the assertion of an issue or issues of sufficient substance to demonstrate that the appeal would not be merely frivolous. *Pires* v. *Commonwealth,* 373 Mass. 829, 370 N.E.2d 1365 (1977), distinguishing *Rodriquez* v. *United States,* 395 U.S. 327 (1969).

This cause must accordingly be sent back for rehearing in the light of these substantive requirements. If the lower court determines that the petitioner has established the justifying facts called for by these standards, and sets them out appropriately in findings and conclusions of law, it may permit the filing of a new notice of appeal under the authority of this case, irrespective of the former dismissal. The matter will then assume the posture of an appeal as of right under Vermont Rules of Appellate Procedure and will proceed accordingly. If the State wishes to challenge the soundness of the trial court's justification for permitting a new notice of appeal to be filed, it may raise the issue by motion to be heard

in advance, or in conjunction with, the appeal itself, as this Court may determine.

*Reversed and remanded for further proceedings not inconsistent with the requirements of this opinion.*