### In re John Savo, Jr.

[431 A.2d 482]

No. 112-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 30, 1981

*Eugene Rakow* and *Peter C. Montagne* (On the Brief) of *Biederman, Rakow & Donnellan, P.C.,* Rutland, for Petitioner.

*M. Jerome Diamond,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, Montpelier, and *Richard English,* Addison County State's Attorney, Middlebury, for Respondent.

**Per Curiam.** Counsel for petitioner failed to file the required notice of appeal in time to preserve review of a conviction for armed robbery obtained in Addison District Court, Unit No. 2. This Court, citing V.R.A.P. 4, accordingly ruled that it lacked jurisdiction to hear the appeal. *State* v. *Savo,* 136 Vt. 330, 388 A.2d 391 (1978).

As a result, petitioner sought post-conviction relief pursuant to 13 V.S.A. § 7131, alleging that counsel's failure to file a timely notice of appeal, despite a request to do so, violated petitioner's Sixth and Fourteenth Amendment right to effective counsel. Petitioner requested, *inter alia,* that the judgment be vacated or an appeal be allowed.

The superior court found that there was ineffective counsel. However, the court then proceeded to decide petitioner's claims on the merits, found for the State, and denied the motion for post-conviction relief.

An accused has a constitutional right to assistance of counsel to defend against criminal charges, *Gideon* v. *Wainwright,* 372 U.S. 335 (1963); *Argersinger* v. *Hamlin,* 407 U.S. 25 (1972). The availability of an appeal from a criminal conviction is a right guaranteed under the laws of Vermont,

13 V.S.A. § 7401, and where a state grants this right, it must also provide counsel, *Douglas* v. *California,* 372 U.S. 353 (1963). The constitutional right to counsel means the right to effective counsel, whether retained or appointed. *McMann* v. *Richardson,* 397 U.S. 759, 771 (1970); *Anders* v. *California,* 386 U.S. 738, 743 (1967); *In re Bousley,* 130 Vt. 296, 299, 292 A.2d 249, 252 (1972); *In re Shuttle,* 125 Vt. 257, 258, 214 A.2d 48, 49 (1965); *State* v. *Truman,* 124 Vt. 285, 291-92, 204 A.2d 93, 98 (1964).

■■ The standard requiring effective counsel is not limited to a general competency, but likewise is applied to specific omissions including the negligent failure to perfect an appeal. *In re Parizo,* 137 Vt. 365, 368, 404 A.2d 114, 116 (1979); *Leventhal* v. *Gavin,* 396 F.2d 441, 442 (1st Cir. 1968); *United States ex rel. Maselli* v. *Reincke,* 383 F.2d 129, 132 (2d Cir. 1967). See also, *Blanchard* v. *Brewer,* 429 F.2d 89, 90 (8th Cir. 1970), *cert. denied,* 401 U.S. 1002 (1971) (failure to perfect an appeal impinges on accused's right to due process). Unless defendant knowingly and intelligently waives the appeal, there is per se ineffective counsel. See *Johnson* v. *Zerbst,* 304 U.S. 458, 464-65 (1938).

■■ For an appeal of right to be restored, it must be shown that the denial of appellate review was of "prejudicial dimension." *Parizo, supra,* 137 Vt. at 369, 404 A.2d at 117. We reiterate as a matter of law that ineffective counsel resulting in the denial of a client's constitutional rights at trial or to an appeal is of such "prejudicial dimension" unless an appeal would be patently frivolous and without a prayer of a chance of success. See *Pires* v. *Commonwealth,* 373 Mass. 829, 370 N.E.2d 1365 (1977). The standard applies whether counsel is court appointed or privately retained.

The lower court in this case recognized that petitioner had been deprived of effective counsel, and then evaluated the case on the merits. Finding petitioner's claims unwarranted, the trial judge dismissed the motion for post-conviction relief. In light of our *Parizo* decision, we find that procedure inappropriate.

■ The trial court's task on the 13 V.S.A. § 7131 post-conviction motion was merely to decide if an appeal would

have been patently frivolous. If petitioner had a prayer of a chance of success, post-conviction relief should have been granted and an appeal permitted to the Supreme Court. By using the device of *nunc pro tunc,* and deciding the merits of the case, the trial judge circumvented our appellate jurisdiction rules. See *Parizo, supra,* 137 Vt. at 368–69, 404 A.2d at 116.

This Court has the option of remanding the case at bar for a determination whether defendant's claims are frivolous. However, the lower court's finding of ineffective counsel and adequate support in the record for the contention that the claims have some merit as a matter of law make that course unnecessary. We grant petitioner's motion for post-conviction relief so that he may regain the constitutional right to an appeal which he lost due to ineffective counsel.

*The judgment of the Addison Superior Court is reversed. Petitioner has leave to file appropriate notice of appeal under V.R.A.P. 4 within 30 days from certification of this entry. To be certified to Addison Superior Court and District Court of Vermont, Unit No. 2, Addison Circuit.*