### In re Raymond L. Rebideau

[431 A.2d 484]

No. 139-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 30, 1981

*Dorsch and Hertz,* Brattleboro, for Petitioner.

*M. Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Respondent.

**Per Curiam.** Petitioner requests that this Court take a step beyond our holding today in *In re Savo,* 139 Vt. 527, 431 A.2d 482 (1981), in dealing with claims of ineffective counsel in criminal cases. Convicted of murder in the first degree, petitioner moved for post-conviction relief or, alternatively, a new trial. He claimed the prosecutor knowingly used perjured testimony and suppressed certain exculpatory evidence. From a denial of that motion in superior court, petitioner requested his attorney to appeal. Due to an error by the Defender General's staff, the motion to appeal was untimely. Accordingly, this Court dismissed the appeal pursuant to V.R.A.P. 4. *State v. Rebideau,* 136 Vt. 644, 399 A.2d 177 (1979). Petitioner once again filed for post-conviction relief in superior court, requesting permission to file a new notice of appeal and noting his attorney's failure to appeal the initial denial. That court heard arguments, considered the merits of petitioner's substantive claims challenging his conviction, and denied the request. Petitioner appeals the trial court's denial. We reverse.

In *Savo, supra,* we were faced with counsel's failure to file a timely appeal of a criminal conviction. In the case at bar, a two-tiered post-conviction relief situation is presented. The principles elucidated in *Savo,* however, are the same. Petitioner was entitled to effective counsel, *Gideon* v. *Wainwright,* 372 U.S. 335 (1963); *McMann* v. *Richardson,* 397 U.S. 759

(1970), and counsel's negligent failure to perfect an appeal deprived petitioner of that right, *In re Parizo,* 137 Vt. 365, 368, 404 A.2d 114, 116 (1979). As we held in *Savo,* unless a defendant knowingly and intelligently waives the appeal, counsel's failure to file properly is per se ineffective counsel. See *Johnson* v. *Zerbst,* 304 U.S. 458, 464–65 (1938).

██ For an appeal to be restored, it must be shown that the denial of appellate review was of "prejudicial dimension." *Parizo, supra,* 137 Vt. at 369, 404 A.2d at 117. "We reiterate as a matter of law that ineffective counsel resulting in the denial of a client's constitutional rights at trial or to an appeal is of such 'prejudicial dimension' unless an appeal would be patently frivolous and without a prayer of a chance of success." *Savo, supra,* 139 Vt. at 524, 431 A.2d at 484.

█ The State's contention is inaccurate that the trial court must consider the merits of a petitioner's claim to be addressed on appeal in order to determine whether the failure to perfect an appeal is of prejudicial dimension. As we stated in *Parizo* and restate today in *Savo,* the trial court's task is limited to applying the "prayer of a chance of success" standard to a petitioner's claims.

Based upon the record established for this case and the earlier appeal, we hold as a matter of law that the claims are not frivolous. Accordingly, petitioner's appeal should be reinstated.

*The judgment of the Addison Superior Court is reversed. Petitioner has leave to file appropriate notice of appeal under V.R.A.P. 4 within 30 days from certification of this entry. To be certified to Addison Superior Court.*