PER CURIAM.
Clarence Wayne Springer seeks a belated appeal from an order which denied his motion for postconviction relief after an evidentiary hearing. Petitioner has provided this court with sworn evidence that both he and his sister timely requested the court-appointed attorney who represented him at the hearing to file a notice of appeal. Respondent, the State of Florida, opposes the petition and offers the affidavit of court-appointed counsel who states that he was not aware the order had been entered because he was not attorney of record for Springer at that time. According to counsel:
My appointment by the court in this case was limited to the evidentiary hearing (see attached order of appointment). By the time the order denying the 3.850 motion was rendered and the appeal time commenced, I was no longer Mr. Springer’s attorney.
The order of the circuit court does appoint counsel for the evidentiary hearing. It does not, however, purport to automatically terminate the appointment at the conclusion of the hearing.[1] We find that counsel, in order to be relieved of his responsibility to represent petitioner in this circumstance, is obligated to file a motion to withdraw. Fla. R.Crim. P. 3.111; Fla. R. Jud. Admin. 2.060©- It is notable that the latter rule subdivision requires counsel to serve a copy of a motion to withdraw on the client, which gives the affected party notice of request and an opportunity to interpose an objection. It also requires the motion to include the address of the client so that, if the motion is granted and the party is thereafter proceeding in proper person, the court and the other parties have an address at which to serve orders and filings. We therefore conclude that petitioner has shown that both he and his sister timely asked counsel to file a notice of appeal at a time when counsel was obligated to file such a notice if requested.[2] The respondent’s arguments in opposition to the petition are not well-taken.
The petition for writ of habeas corpus for a belated appeal from the order of the Circuit Court for Escambia County dated February 25, 2000, denying postconviction relief in case numbers 92^4069, 92-4070, and 98-1246, is granted. Upon issuance of mandate in this cause, a copy of the opinion will be provided to the clerk of the circuit court to be treated as a notice of appeal. Fla. R.App. P. 9.140(j)(5)(D).
JOANOS, WOLF and BENTON, JJ„ concur.

. Nor do we believe such an order would be appropriate.

. If the only request for an appeal was made by petitioner's sister and counsel was unsure of her authority to speak for his client, presumably counsel would be under an obligation to communicate with his client to clarify that issue. We find it unnecessary to reach that question in the instant case, however, as Springer made a timely written request to counsel that an appeal be taken.