864 So.2d 533 (2004)
Merced ROSADO, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-2327.
District Court of Appeal of Florida, Fifth District.
January 9, 2004.
Merced Rosado, South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
THOMPSON, J.
Merced Rosado seeks a writ of habeas corpus for a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). Rosado alleges that when the court denied his Rule 3.850 motion, he timely requested that his attorney appeal the trial court's order, but the attorney did not do because he was not paid. The state contends that Rosado's attorney contradicts the assertions in his petition, thus creating disputed facts which warrant the appointment of a commissioner to conduct an evidentiary hearing. We disagree and grant the petition.
Rosado alleges that he is indigent and that his daughter had hired counsel to represent him with regard to his Rule 3.850 motion. He further alleges that when the trial court denied the Rule 3.850 motion, Rosado timely requested that the court's order be appealed. According to Rosado, counsel then wrote him a letter advising him that his daughter would be contacted to discuss the required fee for representing him on appeal. Despite Rosado's *534 request, a notice of appeal was never filed by counsel.
The state contends in its response to this court that it contacted defense counsel, who acknowledged that Rosado "did request that he file a notice of appeal." The state also alleges that counsel stated the necessary documents for initiating an appeal were prepared and a notice of appeal would have been filed "as soon as the filing fee was paid by petitioner or petitioner's family." The state concludes that in light of counsel's representations, there are disputed facts warranting the appointment of a commissioner to determine the facts and make a recommendation regarding Rosado's right to a belated appeal.
We do not agree that it is necessary to appoint a commissioner. First, Rosado's counsel acknowledged to the state that Rosado did in fact request that a notice of appeal be filed, so there is no dispute that Rosado made a timely request for an appeal. Second, no filing fee is required for a Rule 3.850 appeal to this court. Finally, because there is no dispute that counsel was representing Rosado at the time Rosado requested that a notice of appeal be filed, counsel was obligated to file the notice of appeal to preserve Rosado's right to appellate review.[1]See, e.g., Springer v. State, 770 So.2d 217 (Fla. 1st DCA 2000).
In State v. Trowell, 739 So.2d 77, 81 (Fla.1999), the Florida Supreme Court ruled that, "the appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so." In this case, the state acknowledges that a timely request was made to prosecute the appeal. Trowell also held that an evidentiary hearing may be held if the state has a "good faith basis" to dispute the defendant's claim. Id.; see also Oliver v. State, 834 So.2d 910 (Fla. 5th DCA 2003). Had the state presented a good faith basis to controvert the facts in Rosado's petition, we would appoint a commissioner to conduct an evidentiary hearing. After reviewing the petition and the state's response, we find the state has no "good faith basis" to request an evidentiary hearing. We grant Rosado's petition for belated appeal and upon issuance of the mandate in this case, a copy of the opinion will be provided to the clerk of the circuit court to be treated as a notice of appeal. Fla. R.App. P. 9.141(c)(5)(D).
Accordingly, the petition for writ of habeas corpus for a belated appeal is GRANTED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] Of course, counsel would have been later free to file a motion to withdraw. Fla. R.App. P. 9.140(d)(1).