Wells Fargo Bank v. Sweet et al, no. 123-3-13 Bncv (Wesley, J., Jul. 17, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                          Docket No. 123-3-13 Bncv

---

## Wells Fargo Bank vs. Sweet et al

---

## ENTRY REGARDING MOTION

Count 1, Foreclosure (123-3-13 Bncv)
Count 2, Foreclosure (123-3-13 Bncv)

Title:          Motion for Reconsideration for Writ of Possession (Motion 3)
Filer:          Wells Fargo Bank, N.A.
Attorney:       Joshua B. Lobe
Filed Date:     June 30, 2014

No response filed

**The motion is DENIED.**

### Order Denying Plaintiff's Motion for Reconsideration

Plaintiff sued Defendants to foreclose on its mortgage. On September 2, 2013, the Court granted judgment in favor of Plaintiff issuing a decree of foreclosure and order for judicial sale. On June 4, 2014, the Court confirmed the sale. Plaintiff was the high bidder at the sale and now owns the property according to the order of confirmation of sale.  On June 19, 2014, Plaintiff sought a writ of possession to remove Defendants from the property.  Plaintiff did not proceed by motion, with points and authorities.  Rather, it submitted a proposed writ to the Clerk, apparently expecting that it would be executed as a matter of course. The Court denied the request on June 24, 2014 because the order of confirmation concluded the proceedings, and Plaintiff had offered no basis for reopening the case.

Plaintiff filed a motion for reconsideration on June 30, 2014. Plaintiff argues the Court should amend its confirmation order under V.R.C.P. 59. Plaintiff further argues it is entitled to a writ of possession under 12 V.S.A. § 4946(d), which provides:

> In the case of farmland or a dwelling house currently occupied by the owner as his or her principal residence when the period of redemption in the decree expires, the clerk shall issue a writ of possession at the plaintiff's request and upon approval of the court. Such writ shall have the same force and effect and be executed in the same manner as similar writs issued after judgment by a court of law in ejectment proceedings.

Unquestionably, had Plaintiff invoked the statute prior to the Court's order confirming its purchase at the sale, and concluding the foreclosure action, it would have been entitled to the writ of possession it now seeks. As discussed below, however, in failing to seek the relief to which it was entitled before confirmation of the sale, Plaintiff effectively waived the right to such relief in this action, since it can establish no procedural basis for re-opening the case.

Plaintiff is not entitled to an amended order under V.R.C.P. 59. "A motion to amend judgment allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." *Rubin v. Sterling Enters. Inc.*, 164 Vt. 582, 588 (1996). In this case, Plaintiff can point to no error by the Court. Rather, Plaintiff failed to request a writ of possession while this case was active. The neglect lies with Plaintiff and not the Court, which makes V.R.C.P. 59 inapplicable.

Other than Rule 59, which is inapplicable, Plaintiff offers no other procedural mechanism which might justify reopening the case, once it had been concluded by confirmation of the sale required by final judgment of foreclosure and decree of judicial sale. While, Plaintiff might have requested relief under V.R.C.P. 60(b)(1), which allows for relief for mistake, inadvertence, or excusable neglect, s*ee Sandgate Sch. Dist. v. Cate*, 2005 VT 88, ¶ 7, 178 Vt. 625, it would not have prevailed under that provision, either. The Court would not grant relief for an ill-advised tactical decision, which does not rise to the level of excusable neglect. *See id.*

The Court acknowledges that other judges have treated similar requests differently, apparently granting them as a matter of pragmatic efficiency, without strict consideration as to the requirements for reopening a case in which final judgment has issued. Plaintiff has cited no written decisions in such cases, and the Court is unaware of any.[1] For whatever reason, this Court recently has seen a number of requests similar to Plaintiff's (although this is the first request to reconsider the Court's consistent practice of denying relief in reliance on principles of finality). After considering Plaintiff's arguments, the Court is not persuaded that its rulings in these matters are unduly rigid, or in contravention of the Rules of Civil Procedure or the foreclosure statutes.

Since 2007, the management of the foreclosure docket has posed unique challenges, unimagined when V.R.C.P. 80.1 was first adopted, or throughout its several modifications, except for the most recent ones. Despite a procedural scheme designed to provide mortgagees with a summary remedy, foreclosure actions involving any note sold as part of a mortgage-backed security almost never conclude in less than a year – including those in which the mortgagor never files an answer! Delays now inherent in the process are, with very rare exceptions, entirely attributable to the mystifying inability of mortgage holders to assemble the

---

[1] To the extent such decisions may have claimed some reliance on the doctrine of *nunc pro tunc*, the Court declines to apply it here. *Nunc pro tunc* means "[h]aving retroactive legal effect through the court's inherent authority." Black's Law Dictionary 1100 (8th Ed.). "The purpose of a nunc pro tunc order is 'to set the effective date of a present order at a particular and appropriate time in the past, on the basis that the correct entry was inadvertently or mistakenly departed from by the court involved.'" *Estate of Ladd v. Estate of Ladd*, 161 Vt. 270, 274 (1994) (quoting *In re Parizo*, 137 Vt. 365, 67 (1979)). The doctrine does not allow retroactive orders that change the substance of past orders. *See id.*

rudimentary proofs necessary to perfect a claim for judgment. This mystery only deepens with a plaintiff's motion for substitution of the real party with interest, when counsel learns that the note has been sold, which in numerous cases has occurred after judgment has been entered, and even *after a date for a judicial sale has been noticed.* The judiciary's efforts to manage the docket, which is continuously impacted by the business practices of enormous financial institutions that appear incapable of keeping track of something as insignificant as a single mortgage foreclosure action, now require a significant increase in docketing tasks, careful attention to ticklers, ongoing reminders to counsel to move the case or risk dismissal, and a disheartening number of pleas for relief after dismissals are granted because the prior notices and warnings have been ignored.[2] As here, these requests almost never rest on a claim to a remedy recognized procedurally; instead, the courts are implored to consider the pragmatics involved, the implicit query never directly stated being: "How will your job be any easier if you make us start over?" The implicit assumption behind that implicit query is, of course, that the courts ought simply to capitulate to the inefficiencies of the recovering mortgage market.

For years, the large institutions holding notes sold into securities rarely sought the writs of possession to which they were entitled under 12 V.S.A. § 4946(d). If the issue of the borrower's continuing possession was raised at the hearing on the confirmation of sale, often by the Court, typically the response was that recovery of possession was not a form of relief counsel had been authorized to seek. In response, the Court informed the borrower that any question of the right of continued occupancy would not be resolved in the foreclosure action, which was then concluded by the approval of the order of confirmation. Again, the business practice appears to have changed. Nonetheless, as to those cases, like this one, caught at a point in the shift such that the confirmation order issued before the request for the writ was presented, no relief is justified which would require reopening a foreclosure that has been finally concluded consistently with the statutes and the Rules of Civil Procedure.

## ORDER

The Court **DENIES** Plaintiff's Motion for Reconsideration .

Electronically signed on July 17, 2014 at 11:23 AM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Joshua B. Lobe (ERN 2066), Attorney for Plaintiff Wells Fargo Bank, N.A.
Defendant David G. Sweet
Defendant Teresa I. Sweet

---

[2] These general observations, included here to explain the Court's insistence on a consistent construction of the rules of finality, should NOT be read to specifically impugn the practices of Plaintiff's counsel in this matter, an experienced foreclosure litigator whose diligence in the face of the challenges of the mortgage meltdown has been decidedly above-average.