2014 VT 105

## In re Barry Babson

[107 A.3d 339]

No. 12-041

Present: **Reiber, C.J., Dooley, Skoglund and Robinson, JJ., and Crawford, Supr. J., Specially Assigned**[1]

Opinion Filed August 29, 2014

---

[1] Judge Crawford was present for oral argument, but did not participate in this decision.

*Lamar Enzor*, Rutland, for Petitioner-Appellant.

*Christina Rainville*, Chief Deputy State's Attorney, Bennington, for Respondent-Appellee.

¶ 1. **Dooley, J.** By filing this second post-conviction relief (PCR) petition, petitioner sought to reinstate the appeal from his first PCR on the ground that his court-appointed counsel failed to file a timely notice of appeal. The trial court dismissed petitioner's request, concluding petitioner had no constitutional right to counsel in his PCR. On appeal, the State supports petitioner's request to reverse the trial court and reinstate the first appeal.[2] Because this case presents an egregious example of injustice, we reverse the dismissal and remand the case to the superior court with directions that petitioner's initial PCR be reinstated with a renewed opportunity for petitioner to file a notice of appeal.

¶ 2. ■ ■ The record reveals that petitioner's state-appointed counsel filed an untimely notice of appeal from the trial court's denial of petitioner's first PCR petition. A notice of appeal must be filed within thirty days of entry of judgment, V.R.A.P. 4(a)(1), and the timely filing of a notice of appeal is a jurisdictional requirement. *In re Lund*, 2004 VT 55, ¶ 4, 177 Vt. 465, 857 A.2d 279 (mem.). It is uncontested that by failing to timely file a notice of appeal counsel performed well below any recognized standard of care. This Court has held that where counsel negligently fails to perfect an appeal and the defendant has not knowingly and intelligently waived the appeal "there is per se ineffective counsel." *In re Savo*, 139 Vt. 527, 529, 431 A.2d 482, 484 (1981) (per curiam).

¶ 3. ■ The question is whether petitioner has a remedy for his counsel's failure to perfect his PCR appeal. Petitioner argues that

---

[2] To be clear, the State's support for petitioner is only with respect to the loss of his right to appeal; the State strongly defends the first PCR court's merits decision on the ineffective-assistance claim. In addition, the State's support is conditional because it argues that we should remand for the PCR court to determine if petitioner could have avoided the default by his personal actions and grant relief only if the loss of appeal can be attributed solely to counsel's actions.

his first PCR should be reinstated because the statutory right to PCR counsel includes a minimal level of competence, which was plainly violated in this case.[3] We need not, however, reach the question of whether petitioner is entitled to relief based on a statutory or constitutional right because we conclude that the facts are so glaring as to warrant reinstatement of petitioner's right of appeal from his first PCR pursuant to this Court's authority to issue "orders that may be necessary to the furtherance of justice." 4 V.S.A. § 2(b). We have used this authority on other occasions to protect or create a right of appeal that would otherwise have been lost. See *In re A.D.T.*, 174 Vt. 369, 375, 817 A.2d 20, 25 (2002) (reaching substance of mother's untimely appeal of termination decision as "'necessary to the furtherance of justice'" (quoting 4 V.S.A. § 2(b))); *In re J.C.*, 169 Vt. 139, 145, 730 A.2d 588, 592 (1999) (concluding that although time had expired for filing appeal, cause could be transferred for such appeal to avoid injustice); see also *In re Estate of Johnson*, 158 Vt. 557, 560, 613 A.2d 703, 705 (1992) (directing that to avoid injustice case should be transferred to superior court for appeal to that court where appeal was improperly filed in Supreme Court).

¶ 4. Other states have adopted a similar remedy when faced with facts similar to these. See *Whitney v. State*, 976 S.W.2d 391, 392 (Ark. 1998) (per curiam) (granting request for belated appeal from denial of post-conviction relief where appellant's attorney accepted full responsibility for untimely filing); *Rosado v. State*, 864 So. 2d 533, 534 (Fla. Dist. Ct. App. 2004) (allowing out-of-time appeal where indigent defendant requested that attorney appeal denial of post-conviction relief and attorney refused because defendant did not forward filing fee, which indigents were not required to pay); *Brown v. State*, 101 P.3d 1201, 1203-04 (Kan. 2004) (granting belated appeal from order denying post-conviction relief where appointed counsel failed to notify defendant of counsel's appointment, date of evidentiary hearing, denial of motion, and right to appeal); *Walton v. State*, 2008-CP-00369-COA (¶ 7), 16 So. 3d 66 (Miss. Ct. App. 2009) (exercising discretion and

---

[3] Other states have explicitly held that the statutory right to counsel includes a right to competent counsel. See *Lozada v. Warden*, 613 A.2d 818, 821 (Conn. 1992) ("It would be absurd to have the right to have appointed counsel who is not required to be competent."); see also *Stovall v. State*, 800 A.2d 31, 38 (Md. Ct. Spec. App. 2002) (collecting cases); *Ard v. State*, 191 S.W.3d 342, 346 n.3 (Tex. Ct. App. 2006) (collecting cases).

suspending thirty-day filing deadline to allow for prisoner's untimely PCR appeal); *Austin v. State*, 409 S.E.2d 395, 396 (S.C. 1991) (per curiam) (remanding for evidentiary hearing to determine whether defendant requested and was denied opportunity to seek appellate review of order denying post-conviction relief).

¶ 5. Individualized relief of the kind we have granted previously and other states have granted in these circumstances is particularly appropriate here where the State has essentially joined petitioner in seeking the limited remedy of restoration of petitioner's appeal right from the first PCR judgment. We do not do so lightly, but, as we outline below, the facts of this case require a remedy that is "necessary to the furtherance of justice." 4 V.S.A. § 2(b).

¶ 6. ■ We stress that we are summarizing only the main points that cause us to conclude that this case meets the standard of 4 V.S.A. § 2(b). The first point is that this and the underlying case have been plagued by extraordinary delay. Petitioner filed his original pro se PCR petition in December 2007. The decision on the PCR petition was issued in February 2011. This second petition was filed in July 2011 and while it was resolved expeditiously in the superior court, it languished on our docket because of inaction by appointed counsel.

¶ 7. The second point is that the record alone shows that the error of statutorily appointed counsel was inexcusable. The notice of appeal was not timely filed because it was mailed at the last moment to a post office box address no longer used by the court. Counsel's error was particularly glaring because earlier he had filed a post-judgment memorandum of law by mailing it to the same wrong address, causing it to be late, and the court had pointed out the bad address in its decision.

¶ 8. The third point is that although petitioner was represented in his initial PCR by counsel selected and paid for by the Defender General, and that counsel's error caused the appeal period to expire before the notice of appeal was filed, petitioner received no help in regaining his appeal right. He filed this second PCR pro se and sought appointed counsel, but the Defender General refused to provide counsel in the superior court and an attorney from the Defender General's Office appeared and filed a memorandum of law arguing that no counsel should be appointed because the case was frivolous. As a result, none of the law

discussed in this decision was presented to the superior court. The attorney represented to the superior court that his office would assist petitioner in filing a Vermont Rule of Civil Procedure 60(b) motion in the first PCR case to attempt to reopen the appeal, but there is no indication in the record that such a motion was filed.

¶ 9. Petitioner's assistance in this Court was only marginally better. For reasons that are unclear, although the Defender General opposed appointment of counsel in the trial court, the Defender General decided to fund appointed counsel in this Court. Again, little of the law relevant to this decision from Vermont or other jurisdictions was uncovered, and there was extraordinary delay in filing a brief.

¶ 10. The failure here is not simply of the assigned PCR counsel to timely file a notice of appeal but of the whole system thereafter to protect petitioner's rights. This circumstance puts additional responsibility on this Court to look for possible avenues of relief and to analyze them thoroughly, especially given the State's position that relief from the default should be available.

¶ 11. The State contends that we should remand for a factual determination of whether petitioner played any role in the delayed filing, and the right to appeal should be reinstated only if the late filing was entirely the fault of petitioner's appointed counsel. While we agree with the State that petitioner should not obtain relief if his own negligence was a cause of the loss of the appeal, we conclude that there is no need to remand for findings because the facts indicate that the untimely filing was due to counsel's actions.

¶ 12. We emphasize that this is not a case where no notice of appeal was filed such that we have to speculate as to whether petitioner wished to appeal. Nor is it a case where delay in deciding whether to appeal was the cause of the missed deadline. Here, petitioner obviously timely requested that his counsel file a notice of appeal since such a notice was sent within the appeal period — the date of the letter demonstrates that the notice would have been timely if mailed to the court's correct address or hand-delivered.

¶ 13. Nor is there anything in the record to indicate that petitioner would have known his counsel's notice was untimely or that, even if he had known, would have had time to attempt to rectify the untimely filing by requesting an extension of time to file the notice himself. See V.R.A.P. 4 (allowing filing of motion to

extend appeal period for "excusable neglect" within thirty days after the expiration of appeal period). In making this determination, it is important to note that petitioner was incarcerated out of state and his letters routinely took over seven days to reach the court. The critical dates are March 25, 2011 — the date that the appeal period expired; March 28, 2011 — the date on which counsel's notice of appeal reached the trial court; April 22, 2011 — the date on which this Court dismissed the appeal as untimely filed; and April 25, 2011 — the date by which a motion to extend the appeal period could be filed. The letter from counsel transmitting the notice of appeal is dated March 24, 2011 and bears no indication that it was sent to petitioner. If it was, the date is within the appeal period so there was no reason for petitioner to know that it was not timely filed. Petitioner's first indication that the appeal was untimely would have been this Court's entry order dismissing the appeal. This Court sent the order to petitioner's counsel and not directly to petitioner so he would have received the order only through his counsel after counsel received it. It would have been impossible for petitioner to receive this notice and file a timely motion for extension of time within the two days or so remaining.[4] Under those circumstances, no further factual development is needed. We conclude that petitioner is entitled to reinstatement of his first PCR with a renewed appeal period.

*Reversed and remanded with directions to reinstate petitioner's PCR in Docket No. 471-12-07 Bncr and grant petitioner thirty days to appeal from the day the docket is reinstated.*

---

[4] Of course, counsel had an opportunity to file a motion, and his failure to do so was a second instance of counsel's failure to meet a minimum level of competent practice.