CARE AND PROTECTION OF VALERIE
(and nine companion cases[1]).

Plymouth. September 15, 1988. — October 17, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Minor*, Care and protection. *Parent and Child*, Care and protection of
minor. *Practice, Civil*, Assistance of counsel. *Adoption*, Dispensing
with parent's consent.

The guidelines set forth in *Commonwealth* v. *Moffett*, 383 Mass. 201,
207-209 (1981), as to the duties of appointed counsel representing an
indigent party on an appeal which counsel believes is frivolous, were
applicable to a mother's appeal in a care and protection proceeding under
G. L. c. 119, § 24. [318]
No error appeared in consolidated proceedings which culminated in orders
committing five minor children to the care and protection of the Depart-
ment of Social Services and allowing petitions to dispense with the need
for parental consent to their adoption. [318-319]

PETITIONS filed in the Brockton Division of the District
Court Department, one on December 5, 1983, and four on
February 7, 1984.

PETITIONS filed in the Plymouth Division of the Probate and
Family Court Department on July 3, 1986.

The cases were consolidated for trial and were heard by
*George N. Covett*, J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Stephen H. Merlin* for the mother.

*Ruth A. Bourquin*, Assistant Attorney General, for the De-
partment of Social Services.

---

[1] Four petitions filed pursuant to G. L. c. 119, § 24, on behalf of Valerie's
four brothers; five petitions under G. L. c. 210, § 3, to dispense with the
need for parental consent to the adoption of the children.

NOLAN, J. A mother of five children makes a two-fold appeal: (1) from the adjudications that her children were in need of care and protection pursuant to G. L. c. 119, § 24 (1986 ed.), and (2) from the allowance of the petitions to dispense with consent to the adoption of these children under G. L. c. 210, § 3 (1986 ed.). A judge of the District Court Department was authorized to hear the petitions by the Chief Administrative Justice of the Trial Court acting under the authority of G. L. c. 210, § 3 (*b*). See *Adoption of Emily*, 25 Mass. App. Ct. 579, 581 n.3 (1988). We transferred the case to this court on our own motion. There was no error in the judge's decision regarding the five minors.

1. *"Moffett" brief*. We note the filing of a so-called *"Moffett"* brief in connection with the issue whether there was clear and convincing evidence of the mother's unfitness. The term is derived from *Commonwealth* v. *Moffett*, 383 Mass. 201, 207-209 (1981), in which the court set forth guidelines to appointed counsel in a criminal case who, the court said, "should not be permitted to withdraw solely on the ground that the appeal is frivolous or otherwise lacking in merit." *Id*. at 207. At the same time, counsel, appointed as well as retained, has the responsibility not to advance groundless contentions. See S.J.C. Rule 3:07, DR 7-102 (A)(2), as appearing in 382 Mass. 785 (1981). The court suggested that, when there is nothing to support a contention which a party, "despite counsel's attempts to dissuade him, insists on pursuing, we think it preferable that counsel present the contention succinctly in the brief in a way that will do the least harm to [a party's] cause." *Commonwealth* v. *Moffett, supra* at 208.

In the present case, counsel has done just this. We have already held that in care and protection cases, "parents are entitled to the effective assistance of counsel." *Care & Protection of Stephen*, 401 Mass. 144, 149 (1987). We are asked to apply *Moffett* to a care and protection case. We do so.

2. *Care and protection*. The record is replete with clear and convincing evidence after three days of trial that both parents are "unfit to further the welfare and the best interests of the [children]." *Care & Protection of Stephen, supra* at 150. The

judge's findings must be left undisturbed, absent a showing that they are clearly erroneous. *Custody of Two Minors*, 396 Mass. 610, 618 (1986). The judge made approximately one hundred findings. They were detailed, thoughtful, and sensitive. He made findings as to each child.[2] There was no error.

3. *G. L. c. 210.* The mother raised no objection below to the various plans submitted by the department, including the plan adopted and ordered by the judge and, therefore, her belated challenge to the plan is not properly before the court. *Massachusetts Ass'n of Older Americans, Inc.* v. *Commissioner of Ins.*, 393 Mass. 404, 413-414 (1984).

However, we have considered her arguments, and we conclude that they are without merit. The judge in this proceeding took evidence and made approximately one hundred findings of fact. He made findings as to each child. His findings were careful, exhaustive, and based on overwhelming evidence. He approved a plan of the Department of Social Services (department) that all five children be adopted by a two-parent family and concluded that such a plan was realistic and in the best interests of the children. See G. L. c. 210, § 3 (*c*). There is no need to withhold action until such a family is found.

4. *Conclusion.* The judge's orders committing the children to the care and protection of the department and the orders allowing the petitions to dispense with the need for consent to adoption are affirmed.

*So ordered.*

---

[2] The mother's argument that the findings were not detailed as to each child is unpersuasive because the mother's unfitness was the same as to each child.