# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2015 WY 27

*October Term, A.D. 2014*

**February 25, 2015**

|  |  |
|---|---|
| IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS TO: NRL, EL and EYL, Minor Children, <br><br> EL, <br><br> Appellant (Respondent), <br><br> v. <br><br> STATE OF WYOMING, DEPARTMENT OF FAMILY SERVICES, <br><br> Appellee (Petitioner). | S-14-0217 |

## ORDER AFFIRMING THE DISTRICT COURT'S ORDER TERMINATING PARENTAL RIGHTS

[¶1]   **This matter** came before the Court upon the filing of Appellant's *pro se* "Brief Letter."  Appellant took this appeal to challenge the District Court's May 30, 2014, "Order Terminating Parental Rights of [EL]" to three minor children.  That order was entered following Appellant's default.  After holding a default hearing, the district court concluded there was clear and convincing evidence to support two statutory grounds for termination of Appellant's parental rights:  (1) Appellant is incarcerated on a felony and unfit; and (2) the children were in foster care for 15 of 22 months and Appellant is unfit.  Wyo. Stat. Ann. § 14-2-309(a)(iv) & (v).

[¶2]   On October 16, 2014, Appellant's court-appointed appellate counsel e-filed a "Motion to Dismiss Appeal." Counsel requested this appeal be dismissed because he could "find no basis whatsoever to advance an argument of any merit."  On November

18, 2014, this Court denied the motion to dismiss. This Court wrote that, "if counsel continues to desire to withdraw from this matter, the *Anders* [*v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)] briefing procedure (which this Court uses in criminal cases) should be followed here."

[¶3]  Now, this Court will take the opportunity to formally announce that it permits the filing of *Anders* briefs by counsel appointed to represent parents in appeals from orders terminating parental rights.  After close study of the issue, this Court finds it should join the majority of jurisdictions and allow such briefs.  In *A.C. v. Cabinet for Health & Family Servs.*, 362 S.W.3d 361, 367-68 (Ky. Ct. App. 2012), the court wrote:

> Courts in many states have grappled with the issue of *Anders'* applicability to appeals in termination cases and, while a split exists among those jurisdictions, most have concluded *Anders* procedures are appropriate in and extend to appeals from orders terminating parental rights.  *State ex rel. D.A.G.*, 935 So.2d 216, 218 (La. App. 1st Cir. 2006); *In the Matter of Justina Rose D.*, 28 A.D.3d 659, 813 N.Y.S.2d 229, 231 (N.Y. 2006); *Linker-Flores v. Arkansas Dep't of Human Services*, 359 Ark. 131, 194 S.W.3d 739, 747 (Ark. 2004); *People ex rel. S.D. Dep't of Social Services*, 2004 SD 39, 678 N.W.2d 594, 598 (S.D. 2004); *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App. Houston 14th Dist. 2004); *In re H.E.*, 2002 MT 257, 312 Mont. 182, 59 P.3d 29, 32 (Mont. 2002); *State ex rel. Children, Youth and Fam. Dep't v. Alicia P.*, 1999 NMCA 98, 127 N.M. 664, 986 P.2d 460, 462 (N.M. 1998); *L.C. v. State*, 963 P.2d 761, 764 (Utah App. 1998); *J.K. v. Lee County Dep't of Human Resources*, 668 So.2d 813, 816 (Ala. Civ. App. 1995); *Debra M. v. Dane County Human Services*, 185 Wis. 2d 918, 520 N.W.2d 291 (Wis. App. 1994) (Table); *In re Shanbash C.*, 1994 Conn. Super. LEXIS 2558, 1994 WL 567859, at *9 (Conn. Super. Ct. Sept. 29, 1994); *In re V.E.*, 417 Pa. Super. 68, 611 A.2d 1267, 1275 (Pa. 1992); *Morris v. Lucas County Children Services Bd.*, 49 Ohio App. 3d 86, 550 N.E.2d 980, 981 (Ohio App. 1989); *Matter of Keller*, 138 Ill. App. 3d 746, 486 N.E.2d 291, 292, 93 Ill. Dec. 190 (Ill. 1985).

> In so concluding, many states reasoned that the nature of the case,

>> *i.e.*, civil rather than criminal, makes no difference in the duties court-appointed counsel owes his or her client. From counsel's perspective, counsel's duty to competently and diligently represent the client is exactly the same in a civil appeal from an order terminating parental rights as in an appeal from a criminal conviction. Moreover, in both criminal and termination of parental rights cases, counsel may conclude, after thoroughly and conscientiously examining the

case, that a case lacks any nonfrivolous issues for appeal. Despite the civil or criminal nature of the appeal, counsel in such a situation faces the same dilemma of having to diligently represent the indigent client who wants to appeal while still complying with counsel's other ethical duties as a member of the Bar.

*L.C.*, 963 P.2d at 763-64; *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App. 2001); *People ex rel. S.D. Dep't of Social Services*, 678 N.W.2d at 598; *Linker-Flores*, 194 S.W.3d at 746; *In the Interest of D.E.S., A.L.G., C.W.M.G., II and M.P.G.*, 135 S.W.3d 326, 329 (Tex. App. 2004).

(Footnote omitted.) This Court agrees.

[¶4] Next, this Court will set out the procedure counsel should follow. If counsel chooses to file an *Anders* brief in a termination case, counsel should file a motion to withdraw as counsel contemporaneously with the *Anders* brief, serve the motion and brief on the client, and ensure that the complete trial court record is transmitted to this Court for review.

[¶5] Turning back to the matter at hand, on December 18, 2014, appointed counsel filed a motion to withdraw as counsel and an *Anders* brief. Following a careful review of the record and the *Anders* brief submitted by counsel, this Court, on January 21, 2015, entered its "Order Granting Motion for Court-Appointed Counsel to Withdraw." That Order notified Appellant that the District Court's May 30, 2014, "Order Terminating Parental Rights of [EL]" would be affirmed unless, on or before February 23, 2015, Appellant filed a brief that persuaded this Court the captioned appeal is not wholly frivolous. Appellant filed his *pro se* "Brief Letter" on February 12, 2015. After a careful review of that two-page letter, this Court concludes that it presents no cogent legal argument. Indeed, the letter presents no legal argument at all. It is, therefore,

[¶6] **ORDERED** that the district court's May 30, 2014, "Order Terminating Parental Rights of [EL]" be, and the same hereby is, affirmed.

[¶7] **DATED** this 25th day of February, 2015.

**BY THE COURT:**

/s/

**E. JAMES BURKE**
**Chief Justice**
