NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 104

No. 2017-246

In re M.T., G.T., B.T. and N.T., Juveniles

Supreme Court

On Appeal from
Superior Court, Windsor Unit,
Family Division

October Term, 2017

Thomas J. Devine, J.

Michael Rose, St. Albans, for Appellant Mother.

Allison N. Fulcher of Martin & Associates, Barre, for Appellant Father.

Matthew Valerio, Defender General, and Joshua O'Hara, Appellate Defender, Montpelier, for
  Appellees.

Jody A. Racht, Assistant Attorney General, Waterbury, for State.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ.

¶ 1.     **ROBINSON, J.**   Mother and father both appeal the court's order denying their motions to reopen a termination decision. On appeal, parents argue that the court erred in denying parents assigned counsel to represent them in connection with their motions to reopen a termination order on the grounds that their relinquishments of parental rights were not voluntary and they were not competently represented by counsel. We reverse and remand.

¶ 2.     On January 12, 2017, the court terminated the parental rights of mother and father based on parents' voluntarily relinquishments. On February 9, 2017, mother and father separately filed pro se motions seeking to reopen the termination decision, citing Vermont Rule of Civil

Procedure 60(b). Mother alleged that she had been in a car accident the day before she relinquished, had a concussion, and was not in the "right state of mind." Father also cited the car accident as the reason for asking to reopen the termination decision and stated that he had not been represented by his attorney correctly.

¶ 3. The court held a hearing on the motion. At the hearing, parents appeared, but were seated without their court-assigned attorneys, who were present in the courtroom. The court inquired whether parents were "hoping to be represented by an attorney for this motion today." Mother indicated that she wanted a continuance to find a new lawyer. Father explained that parents had fired their lawyers for lying to them and asked for a continuance to find new counsel. When asked by the court whether they were intending to hire private counsel, father indicated that he was hoping to have assigned counsel. Counsel indicated that given parents' allegations they would seek to withdraw. The court granted the motions to withdraw.[1] In considering whether to assign counsel, the court ruled as follows:

> If this were a case where the State was here for the first hearing, seeking to remove the children, our law is clear that there's an absolute right for parents to have counsel, because they have a fundamental-liberty interest in raising their children free from governmental interference. It's a due process right; it's under the Fourteenth Amendment.
>
> But we're not at that stage of the case now. The parents have had counsel at every stage of the case, leading up until the voluntary relinquishment proceedings, which were concluded in January, and we're really here on a fairly extraordinary motion, the motion from the parents to reopen what the Court considers to be a final judgment.
>
> I am not aware of any statute or rule guaranteeing parents a right to counsel at state expense at that phase of the case. It's not to say you parents don't want to have counsel or you shouldn't have counsel, but I think you're going to have to acquire your own

---

[1] Although parents purported to "fire" their attorneys, appointed counsel could withdraw only with permission of the court. See V.R.F.P. 15(f)(3) (providing that under certain circumstances counsel may withdraw only on motion, after notice and hearing, "for good cause shown"); see also In re S.C., 2014 VT 7, ¶ 5, 195 Vt. 415, 88 A.3d 1220 (per curiam) (denying appellate counsel's motion to withdraw in appeal from termination of parental rights).

attorney out of your own pocket. The Court doesn't see that there's
any clear authority to assign counsel for you at this late stage of the
case.

¶ 4. The court gave parents fifteen days to find private counsel. No attorney entered an appearance for parents, and the matter was set for a hearing on June 12, 2017. Just before the hearing was set to begin, father called the court and explained that due to car trouble, parents would not be able to attend in person. Parents asked to appear by telephone. The State objected, asserting that parents were seen in their car earlier in the day. The court denied the motion to appear by telephone. The court explained that the motion to set aside the termination decision depended on an evaluation of credibility, which would be difficult to judge over the telephone, and further relied on the State's assertion that parents had been seen in a working car that morning. Given parents' failure to appear, the court dismissed the Rule 60(b) motion.

¶ 5. On July 12, 2017, parents filed pro se motions to reconsider. Each attached an affidavit asserting that they were unable to attend the hearing because of car trouble. The court denied those motions as untimely filed. Parents appealed.

¶ 6. On appeal, parents argue that the court committed reversible error in denying them assigned counsel to represent them on their motions to reopen. Parents claim they were prejudiced by the error because they were unable to navigate the motion process. The juveniles, joined by the State, agree that it was error to deny counsel to parents, but assert that parents were not prejudiced by the lack of counsel because the dismissal resulted from parents' failure to appear at the evidentiary hearing, not their failure to have counsel. We conclude that the trial court erred in declining to appoint counsel to represent parents in connection with their Rule 60(b) motion, and that parents suffered prejudice as a result. [2]

---

[2] Parents arguments on appeal attack the court's decision denying their July 12 Rule 60(b) motions for relief from judgment. In fact, parents did not appeal the denial of the Rule 60(b) motion; rather, parents filed a subsequent motion to reopen thirty days after the denial of the Rule 60(b) motion. The trial court dismissed this motion as untimely. See V.R.C.P. 59(e) (setting ten-day deadline on filing motion to alter or amend). Because the second motion to reopen was

¶ 7. Parents in abuse and neglect proceedings have a statutory right to counsel in Vermont. Although there is not "an absolute constitutional right to counsel for indigent parents in termination proceedings, [the U.S. Supreme Court] has acknowledged that a parent's right to the custody, companionship, and care of his or her children is an important interest warranting due process protection." In re S.C., 2014 VT 7, ¶ 5 (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 27-31 (1981)). To effectuate this right, Vermont law provides that needy persons are entitled to counsel in proceedings "arising out of a petition brought in a juvenile court when the court deems the interests of justice require representation of either the child or his or her parents or guardian or both, including any subsequent proceedings arising from an order therein." 13 V.S.A. § 5232(3). "Although in theory the appointment of counsel under § 5232(3) thus remains discretionary, in practice counsel are uniformly appointed to represent needy parents in termination proceedings from trial through appeal." In re S.C., 2014 VT 7, ¶ 5.

¶ 8. Under the plain language of the statute, parents in this case were entitled to appointment of counsel for purposes of their Rule 60(b) motion. See In re A.W., 2013 VT 107, ¶ 5, 195 Vt. 226, A.3d 508 (stating that in interpreting statutes, Court "appl[ies] the plain language of the statute when the meaning is unambiguous"). The statute provides representation in the

---

untimely, it could not toll the appeal period. V.R.A.P. 4(b) (providing that timely post-judgment motions toll appeal period); see In re Beach Props., 2015 VT 130, ¶ 8, 200 Vt. 630, 133 A.3d 854 (explaining that untimely motion to reconsider did not toll appeal period and therefore Court lacked jurisdiction over appeal). Nonetheless, given the unique facts of this case, we assert our jurisdiction to review the June 12, 2017 denial of parents' February 9 Rule 60(b) motion. Parents' procedural failings following the court's denial of their request for counsel were shaped in substantial part by the court's error in declining to assign them counsel. Competent counsel would have preserved parents' appeal rights. In very rare cases with analogous circumstances, we have exercised our authority to issue "orders that may be necessary to the furtherance of justice" under 4 V.S.A. § 2(b) "to protect or create a right of appeal that would otherwise have been lost." In re Babson, 2014 VT 105, ¶ 3, 197 Vt. 535, 107 A.3d 339 (reinstating petitioner's appeal where a petitioner lost his ability to timely appeal due to the ineffective assistance of counsel, and identifying other cases in which this Court has done so); see also In re A.D.T., 174 Vt. 369, 375, 817 A.2d 20, 25 (2002) (invoking Court's authority under 4 V.S.A. § 2(b) to review mother's untimely appeal of judgment terminating her parental rights where mother asked her counsel to appeal and counsel missed the appeal deadline).

proceeding following a petition in juvenile court "including any subsequent proceedings arising from an order therein." 13 V.S.A. § 5232(3). The statutes on juvenile proceedings specifically provide that an order of the court "may be set aside in accordance with Rule 60 of the Vermont Rules of Civil Procedure." 33 V.S.A. § 5113(a). In enacting the statutory scheme for juvenile proceedings, the Legislature specifically contemplated that a Rule 60 motion is a "subsequent proceeding[]" that may arise. Therefore, we conclude that parents were entitled to assigned counsel for purposes of their Rule 60 motion.

¶ 9. We reject the State's and juveniles' argument that parents were not prejudiced by the denial of counsel and therefore the error was harmless.[3] "We have employed the harmless error standard in termination cases, and, under that standard, an error warrants reversal only if a substantial right of the party is affected." In re R.W., 2011 VT 124, ¶ 17, 191 Vt. 108, 39 A.3d 682 (quotation omitted). The State contends that the dismissal was not due to the parents' inability to construct a legal argument, but to parents' failure to appear at the June 12 hearing on their motion.

¶ 10. In assessing the prejudice to parents, we are cognizant of two particular goals of the juvenile judicial proceedings act. The statute provides that "safety and timely permanency for children are the paramount concerns" and that the procedures must be "executed and enforced" in a manner that ensures the parties have "a fair hearing, and that their constitutional and other legal rights are recognized and enforced." 33 V.S.A. § 5101(a)(4), (6). The balancing of these interests—timely resolution and fair process—makes this a difficult case.

¶ 11. Ultimately, we are persuaded in this case that denial of counsel to parents affected their ability to participate fully in the adjudication of their Rule 60(b) motion and that reversal is therefore warranted. The presence of counsel is essential to "protecting the parent-child

---

[3] Both the State and the juveniles agree that the trial court erred in declining to appoint counsel to represent parents in connection with their Rule 60 motion.

5

relationship and ensuring a fair and accurate decision that termination of parental rights is in the child's best interests." In re S.C., 2014 VT 7, ¶ 6. It is so important that we have denied counsel the ability to withdraw in a termination-of-parental-rights proceeding "absent client consent or other compelling circumstances." Id. Representation by counsel could reasonably have changed the course of events in this case in multiple ways. If parents had been represented by competent counsel, that attorney may have been ready and able to proceed with the Rule 60(b) hearing on June 12 even in the parents' temporary absence. By filing a proper motion, their attorney could have more effectively advocated for a brief recess or continuance to enable parents to participate. Moreover, we cannot assume that if they had the advice of counsel parents would have responded to their car troubles the same way.[4] The court's denial of counsel impacted a substantial right of the parties and the court's order must be reversed.

Reversed and remanded for the court to appoint assigned counsel to mother and father and to schedule a hearing on their Rule 60(b) motion.

FOR THE COURT:

_____

Associate Justice

---

[4] In their reply brief, parents cite the U.S. Supreme Court's opinion in Strickland v. Washington, for the proposition that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Strickland v. Washington, 466 U.S. 668, 692 (1984). Because we conclude that the circumstances in this case are sufficient to support an inference of prejudice, we need not consider whether the denial of the statutory right to counsel to parents in juvenile proceedings is presumed to result in prejudice as a matter of law.

6