# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 52

*April Term, A.D. 2023*

**May 30, 2023**

IN THE MATTER OF THE
TERMINATION OF PARENTAL
RIGHTS TO: JJD, minor child,

DOMINIQUE DESIREE SCIACCA,

**Appellant**
**(Respondent),**

v.                                                              S-23-0076

STATE OF WYOMING, ex rel.
DEPARTMENT OF FAMILY
SERVICES,

**Appellee**
**(Petitioner).**

### ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

[¶1]    **This matter** came before the Court upon a Motion to Withdraw as Counsel, e-filed herein May 11, 2023, by court-appointed counsel for Appellant. Appellant took this appeal to challenge the Goshen County District Court's October 18, 2022, Order Terminating Parental Rights. That order was entered after a full hearing. The district court concluded there was clear and convincing evidence to support two statutory grounds for termination of Appellant's parental rights: (1) the child was abused or neglected and efforts to rehabilitate the family were unsuccessful; and (2) the child was in foster care for fifteen of twenty-two months and Appellant is unfit. Wyo. Stat. Ann. § 14-2-309(a)(iii) & (v) (2021).

[¶2]    Now, Appellant's court-appointed appellate counsel requests that he be allowed to withdraw as counsel, pursuant to procedures this Court has adopted based on *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel is correct that, in *In re NRL*, 2015 WY 27, 344 P.3d 759 (Wyo. 2015), this Court approved the *Anders*-type procedure in appeals from orders terminating parental rights. However, this Court takes

this occasion to reconsider that decision. After careful review, this Court finds it should overrule *In re NRL* and that it should no longer use the *Anders* brief procedure in appeals from orders terminating parental rights.

[¶3]    "Overruling prior case law is an act this Court approaches with caution." *Brown v. City of Casper*, 2011 WY 35, ¶ 43, 248 P.3d 1136, 1146 (Wyo. 2011). Nevertheless, "[r]ecognizing that *stare decisis* is not an 'inexorable command,' but a 'principle of policy,' we have rejected it now and then over the years for specific articulated reasons." *Smith v. Bd. of Cnty. Comm'rs of Park Cnty.*, 2013 WY 3, ¶ 15, 291 P.3d 947, 952 (Wyo. 2013). "There are occasions when departure from precedent is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Gueke v. Bd. of Cnty. Comm'rs for Teton Cnty.*, 728 P.2d 167, 171 (Wyo. 1986), *overruled on other grounds by Dunnegan v. Laramie Cnty. Comm'rs*, 852 P.2d 1138 (Wyo. 1993).

[¶4]    This Court finds *In re NRL* should be overruled for the following reasons. For one thing, the order terminating parental rights there was entered after a default hearing. *In re NRL*, 2015 WY 27, ¶ 1, 344 P.3d at 759. Such hearings are usually relatively brief. Thus, *In re NRL* provided a poor vehicle to approve use of *Anders* briefs in all appeals from orders terminating parental rights, where such orders are often entered after trials that take several days. Such trial cases are generally not appropriate for *Anders* briefing, because it places this Court in the position of reviewing a lengthy record, after which it must play the roles of both advocate and tribunal to decide whether the appeal is frivolous.

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Anders*, 386 U.S. at 744, 87 S. Ct. at 1400.

[¶5]    In addition, this Court has limited the availability of the *Anders* brief procedure in other contexts, without any serious problems. This Court does not permit *Anders* brief in all criminal cases.

> The rule on *Anders* briefs in criminal cases is this: this Court will not accept *Anders* briefs in cases that went to trial and resulted in felony conviction, in probation revocation cases where the probation violations were not admitted, and in cases

2

that arise from conditional pleas of guilty or *nolo contendere*
(no contest).

*Beckwith v. State*, S-22-0227 (November 22, 2022, Order Denying Motion to File *Anders* Brief). This Court does not allow exceptions to that rule. *Id.* That rule has worked well in the criminal context for years, and this Court has not seen any need to increase the type of cases in which it must act as both advocate and tribunal.

[¶6]    Also, by confidential order, this Court has indicated it will not accept *Anders* briefing in appeals from orders entered in proceedings brought pursuant to the Child Protection Act, Wyo. Stat. Ann. § 14-3-401 et seq. This Court finds it incongruous to not allow *Anders* briefs in Child Protection cases (where the deprivation of parental rights is not permanent), while allowing *Anders* briefs in appeals from orders terminating parental rights.

[¶7]    Finally, this Court finds the procedure from *In re NRL* does not fully protect parental rights or parents' statutory right to counsel. Wyo. Stat. Ann. § 14-2-318(a). In *In re NRL*, this Court cited *J.K. v. Lee Cnty. Dep't of Hum. Res.*, 668 So. 2d 813, 816 (Ala. Civ. App. 1995) ("we extend the procedures set forth in *Anders v. California* to civil cases, but limit its use to those civil cases in which an indigent client has a court-appointed attorney as authorized by statute."). However, that Alabama court recently overruled *J.K.*, writing:

> It is the view of this court that, as a matter of prospective application, the *Anders* procedure as adopted in *J.K.* should no longer be permitted in appeals taken after the date of this decision from dependency and termination-of-parental-rights judgments:
>
> > "An action involving a claim seeking to terminate parental rights affects both the fundamental rights of a parent and the well-being of the child at issue. The nature of a termination action involves allegations that a parent's inability to parent his or her child, that parent's failure to timely adjust his or her circumstances, and the lack of viable alternatives to termination, warrant the termination of the parent's fundamental right to parent his or her child. It is the duty of counsel to proceed as best he or she can to advocate on behalf of his or her client, even given a generally less-than-ideal fact situation."
>
> *K.J. v. Pike Cnty. Dep't of Hum. Res.*, 275 So. 3d 1135, 1143 (Ala. Civ. App. 2018) (emphasis added). As the Colorado Supreme Court observed, affording a right to representation by counsel to a parent involved in termination-of-parental-rights proceedings, which Alabama does by statute

3

(see Ala. Code 1975, § 12-15-305(b)), indicates a policy determination that "the parent must be able to seek meaningful review of the order, whatever the specific circumstances of his case," such that "pursuit of such an appeal – with the guaranteed aid of court-appointed counsel – serves an important function and cannot be said to be 'wholly frivolous' for lack of merit alone." *A.L.L. v. People*, 226 P.3d 1054, 1063 (Colo. 2010). Stated another way, "the prosecution by appointed counsel of an appeal serves the same important goals – shared by the State and the parent alike – of protecting the parent-child relationship and ensuring a fair and accurate decision that termination of parental rights is in the child's best interests." *In re S.C.*, 195 Vt. 415, 419, 88 A.3d 1220, 1223 (2014).

. . .

We further agree with the Vermont Supreme Court that, under Rule 1.16(c) of the Model Rules of Professional Conduct as adopted in various states (including Alabama) – which rule permits an attorney's continued representation of a client "when ordered to do so by a tribunal" – an appointed attorney acting in good faith on behalf of an appealing parent in a child-protection proceeding may resist a hypothetical or actual charge of unethical conduct on the basis that "even an arguably frivolous claim will not be deemed to violate Rule 3.1 where . . . a court categorically refuses to grant motions to withdraw in deference to overriding state interests." *In re S.C.*, 195 Vt. at 420-21, 88 A.3d at 1224. Indeed, as an Arizona appellate court has intimated, there is rarely a significant additional expenditure of effort in counsel's filing a "substantive" brief as opposed to an *Anders* no-merit brief:

> "A proceeding to terminate a parent's rights is one filled with facts and opinions, all relating to whether one of the statutory grounds for termination can be proved and whether termination will be in the child's best interests. No matter how egregious the facts may appear to be in such a case, they are rarely wholly one-sided or entirely clear-cut. In addition, experts' opinions are frequently based on a limited knowledge of the applicable facts and vary from timely to stale. . . . It seems to us counsel could have filed a substantive brief in this case by developing two of the four arguable issues she listed."

*Denise H. v. Arizona Dep't of Econ. Sec.*, 193 Ariz. 257, 260, 972 P.2d 241, 244 (Ct. App. 1998).

*J.L. v. Alabama Dep't of Hum. Res.*, 335 So. 3d 670, 674-76 (Ala. Civ. App. 2021) (underline in original) (footnote omitted).

4

> In Colorado, *Anders* briefs are inappropriate and unnecessary in the context of D & N [Dependency and Neglect] proceedings . . . . Appellate review of a parent's best arguments—however weak—made with the assistance of counsel best protects the parent's rights, supports the child's interests in permanency and finality, and avoids the injection of unnecessary confusion and delay into the reviewing process.

*A.L.L. v. People*, 226 P.3d 1054, 1064 (Colo. 2010).

[¶8] This Court finds the reasoning in these cases persuasive. Not only does the approach therein better protect both familial rights and the right to counsel, that approach also does not increase the number of cases in which this Court must act as both advocate and tribunal. Further, that approach does not add more confusion and delay to the appellate process. Thus, this Court concludes it should no longer accept *Anders* brief in appeals from orders terminating parental rights. It is the duty of counsel to proceed as best he or she can to advocate on behalf of his or her client. It is, therefore,

[¶9] **ORDERED** that the Motion to Withdraw as Counsel, e-filed herein May 11, 2023, be, and hereby is, denied. Appellant's brief is due for filing on or before June 26, 2023; and it is further

[¶10] **ORDERED** that the Order Granting Motion for Extension of Time to File *Pro Se* Brief, which this Court entered May 15, 2023, is hereby rescinded and of no further effect.

[¶11] **DATED** this 30th day of May, 2023.

BY THE COURT: *

/s/

**KATE M. FOX**
**Chief Justice**

* *Justice Kautz would grant the motion. He filed the following dissenting opinion.*

[¶12] I respectfully dissent from the Court's Order in this case requiring counsel to prosecute an appeal when he or she certifies to this Court that he or she has thoroughly investigated the case and finds no appealable issues. In those circumstances prosecution of an appeal gives the false impression that important goals of the State and parent are being served, when in fact it amounts to a waste of public funds for appointed counsel and a waste of judicial resources. It requires an attorney to fabricate or invent arguments

without any supporting argument in fact or law—something no attorney should do whether prohibited by the Rules of Professional Conduct or not.

[¶13] I find it logically inconsistent to permit counsel to withdraw using the *Anders* procedure in criminal cases, where there is a constitutional right to counsel, but to refuse any withdrawal in a Termination of Parental Rights case, where there is no such right.

[¶14] Prosecution of frivolous appeals unnecessarily delays permanency and stability for the children involved in a Termination of Parental Rights Case.

> Whatever the benefits in ensuring that appointed appellate counsel conduct themselves as active advocates [by complying with *Anders*]—they appear to be relatively small—the costs are greater. These obviously include time and money and delay in finality. It is true that the state's interest in its financial resources is no stronger here than elsewhere. But its interest in expeditiousness is strong indeed. As stated, proceedings such as these "must be concluded as rapidly as is consistent with fairness...." (*Lassiter v. Department of Social Services, supra,* 452 U.S. at p. 32, 101 S.Ct. at p. 2162.) Its interest in finality is stronger still. In fact, it is "unusually strong." (*Lehman v. Lycoming County Children's Services, supra,* 458 U.S. at p. 513, 102 S.Ct. at p. 3238.) The costs also involve the child—especially so. In fact, it is they that support the state's particular interest in finality. (See *id.* at pp. 513–514, 102 S.Ct. at pp. 3238–39.) They comprise the pointed and concrete harm that the child may suffer. Not in every case, of course, will he be forced to wait overlong for a "normal family home" (*Santosky v. Kramer, supra,* 455 U.S. at p. 759, 102 S.Ct. at p. 1398), or at least one that is "stable" (*In re Marilyn H., supra,* 5 Cal.4th at p. 306, 19 Cal.Rptr.2d 544, 851 P.2d 826). But in each he will face the threat. Unless necessary, he should not.

*In re Sade C.,* 920 P.2d 716 (Cal. 1996) (footnotes omitted).

[¶15] While I agree that the *Anders* procedure in Termination of Parental Rights cases we established in *In re NRL,* I conclude that the better approach when counsel determines that there are no appealable issues is that taken by California: When counsel certifies that they have fully investigated the case and can find no arguable issue to present on appeal, they may withdraw as counsel. The client (parent) then may file a pro se brief. If they do so, the court will determine the case based on the briefs. If they do not file a pro se brief, the court may, it its discretion, determine that the appeal is abandoned. *Id.*

6